FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 SEP 30 PM 2:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DAVID W. MAHON, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 98-B-0225-S |
| CRAVEN CROWELL, et al., | } | |
| Defendant. | } | |

ENTERED
OCT - 1 1999

**MEMORANDUM OPINION**

Currently before the court is the defendants' Motion for Judgment on the Pleadings or for Summary Judgment[1] ("Motion for Summary Judgment") and plaintiff's Motion to Amend Complaint ("Motion to Amend"). Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that the defendants' Motion for Summary Judgment is due to be denied in part and granted in part, and plaintiff's Motion to Amend is due to be denied.

This dispute arises out of a reduction-in-force ("RIF") by defendants Craven Crowell, Chairman of the Tennessee Valley Authority ("TVA"), and Johnny H. Hayes and William H. Kennoy, members of the TVA Board of Directors (collectively "defendants" or "TVA"), in the Sequoyah Nuclear Plant. Plaintiff David W. Mahon ("plaintiff" or "Mahon") alleges that he was included in the RIF based on his alleged disability in violation of the Rehabilitation Services Act,

---

[1] In asserting their motion, defendants attach evidence constituting "matters outside the pleading" for purposes of Rule 12(c), converting the motion to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(c).

1

29 U.S.C. §§ 791, 794, 794a(a)(1),and 794a(a)(2). Plaintiff also alleges he was not selected for a a steamfitter position because of his disability in violation of the above-mentioned statutes.

## I. FACTUAL SUMMARY

The following facts are undisputed. On June 16, 1997, plaintiff received notice that he would be terminated on September 26, 1997, as part of the RIF. (Compl. Ex. A.) The notice stated that if he believed there was an error in his selection for the RIF, he had thirty days after his termination to file an appeal with the Merit Systems Protection Board in Atlanta. (*Id.* at 2.)

In the next paragraph, the notice stated that if plaintiff believed his selection was based in whole or in part on discrimination based on a protected class, he could appeal either to the MSPB or TVA's Equal Opportunity staff ("the agency"). (*Id.*) In the following paragraph, the notice stated that if he should decide to appeal, he must elect "one of the above procedures." (*Id.*) It further stated that once he chose one forum, any subsequent appeal would be "dropped." (*Id.*)

Plaintiff was terminated on September 26, 1997. (Compl. at ¶ 20.) On October 6, 1997, he contacted an EEO counselor. (Compl. Ex. E.) On November 11, 1997, plaintiff filed an appeal with the MSPB. (Compl. Ex. D.) His stated reason for the appeal was:

> TVA did not follow R.I.F. procedures. I am a Veteran with more seniority than a person who is still at work for TVA, that is on the same retention list. This persons [sic] name is Tom M. Liner. He is a non Vet with less time.

(*Id.* at 2.)

On November 14, 1997, plaintiff filed a formal EEO complaint with the EEO staff ("the agency") alleging that he was discriminated against on the basis of disability and age with respect to his termination and his nonselection to a steamfitter position.[2] (Compl. Ex. E.) On

---

[2]For reasons explained below, defendants' alleged rejection of plaintiff for the steamfitter position is no longer relevant to this case.

2

December 15, 1997, the agency dismissed all claims by plaintiff alleging discrimination as to his termination. (Compl. Ex. G.) The basis for the dismissal was that plaintiff had filed a prior appeal with the MSPB on November 11, 1997. (*Id.*) The agency cited 29 C.F.R. §§ 1614.301 and 1614.107 as controlling authority for this decision. (*Id.*)

On January 8, 1998, the MSPB dismissed plaintiff's appeal as untimely filed. (Compl. Ex. H.) On February 2, 1998, plaintiff filed this action.

## II. DISCUSSION

Defendants argue that because plaintiff did not timely file his appeal with the MSPB, he failed to exhaust administrative remedies and is barred from bringing this action. For reasons discussed below, this court disagrees.

### A.   The Nature of the MSPB Appeal

Defendants argue that when plaintiff filed his "mixed case" appeal with the MSPB, it constituted an election of forum under 29 C.F.R. §§ 1614.107 and 1614.302, negating his subsequent discrimination complaint to the agency. Thus, defendant argues that when plaintiff filed his untimely MSPB appeal, he triggered his sole administrative remedy. Defendant therefore concludes that since the MSPB dismissed the appeal, plaintiff failed to exhaust his administrative remedies. This court disagrees.

Plaintiff's MSPB appeal was not a mixed case appeal. According to the regulations cited by defendants, "[a] mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. 1614.302(a)(2); *accord Cansler v. Tennessee Valley Authority*, 774 F. 2d 432, 433 (11th Cir. 1985) (noting that a mixed

3

case appeal is "one that includes a racial discrimination claim"). Accordingly, the cases cited by defendants all involve MSPB appeals with specific allegations of discrimination.

In this case, however, plaintiff's MSPB appeal stated:

> TVA did not follow R.I.F. procedures. I am a Veteran with more seniority than a person who is still at work for TVA, that is on the same retention list. This persons [sic] name is Tom M. Liner. He is a non Vet with less time.

(Compl. Ex. D.)

The appeal is devoid of allegations, in whole or in part, of "discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. 1614.302(a)(2). Consequently, this court finds that when plaintiff filed his MSPB appeal, he did not make an "election" as set out in 29 C.F.R. §§ 1614.107 and 1614.302, and the subsequent EEO complaint filed with the agency was an exercise of proper administrative procedures.

**B.     The Use of the Term "Matter" in § 1614.302(b)**

Defendants argue that any complaint relating to the RIF, regardless of whether the complaint references discrimination, was subject to the election-of-forum provisions of 29 C.F.R. § 1614.302(b). Defendants note that §1614.302(b) states that plaintiff "may initially file a mixed case appeal with an agency . . . or an appeal on the same **matter** with the MSPB . . . but not both." 29 C.F.R. §1614.302(b) (emphasis added). Defendants then cite *Bonner v. MSPB*, 781 F. 2d 202, 205 (Fed. Cir. 1986), for the proposition that the term "matter" refers to the broad underlying employment action, in this case the RIF. Therefore, defendants conclude that any challenge to the RIF was subject to the election-of-forum provisions, regardless of the nature of the challenge. This court disagrees.

Defendants' reliance on *Bonner* is misguided. The *Bonner* court was interpreting a different statute, 5 U.S.C. § 7121. *Bonner*, 781 F. 2d at 204-05. That statute stands for the

4

proposition that "if an employee is covered by a collective bargaining agreement, **matters** which customarily would be within the appellate jurisdiction of the [MSPB], are deemed to be covered by the negotiated grievance procedure and thus beyond the [MSPB's] jurisdiction." *Id.* at 204 (emphasis added). Thus, the *Bonner* court was deciding the narrow question of whether, in the context of § 7121, the term "matter" referred to the underlying challenged action or the administrative appeal from that action. *Id.* at 204-05.

There is no such issue here. In this case, the scope of the term "matter" in 29 C.F.R. § 1614.302 is clearly defined in the regulation itself. The regulation repeatedly refers to *mixed case* complaints. In § 1614.302(a), a "mixed case" is specifically defined as one involving discrimination. According to § 1614.302(b), then, the plaintiff may file his "mixed case [i.e. discriminatory] complaint" with an agency, or an appeal on the "same [mixed case/ discriminatory] matter" with the MSPB. Thus, in the narrow context in which "matter" is used in this regulation, it clearly refers to mixed case complaints, not the entire underlying RIF.

If, however, this court were to find that 5 U.S.C. § 7121 could influence its interpretation of 29 C.F.R. § 1614.302, the defendants' motion would be denied on the following, alternative grounds.

**C.     The Untimeliness of the MSPB Appeal**

All sides concede that the MSPB appeal was untimely. The issue, then, is whether an *untimely* MSPB appeal constitutes an election of administrative remedies under 29 C.F.R. §§ 1614.107 and 1614.302, foreclosing the filing of an EEO complaint with the agency. The defendants argue that the plain language of these regulations compel an affirmative answer, as the term "timely" is not contained these regulations.

5

Other labor statutes and EEO regulations governing election of forum in an administrative appeal state that only *timely* complaints constitute an election for purposes of administrative exhaustion. For instance, 5 U.S.C. § 7121, relied on by the defendants above, provides, in relevant part, that "a person shall be considered to have elected . . . the remedy . . . if such person has **timely** filed a grievance." 5 U.S.C. § 7121(g)(4). Similarly, 5 C.F.R. § 1201.3 provides that:

> When an employee has an option of pursuing an action under the [MSPB's] appeal procedures or under negotiated grievance procedures, the [MSPB] considers the choice between those procedures to have been made when the employee **timely** files an appeal with the [MSPB] . . . .

5 C.F.R. §1201.3(c)(2)(emphasis added). Other regulations use the same requirement. *See, e.g.*, 32 C.F.R. § 588.48(2) (election of forum regulations for MSPB appeals in the Army).

Therefore, even if the MSPB appeal was a mixed case appeal, plaintiff's untimely MSPB appeal cannot be an election for purposes of the regulations. Thus, the EEO complaint filed with the agency on November 14, 1997, constituted the proper election of his administrative remedies for purposes of administrative exhaustion.

**D.   Remaining Matters.**

   *1.   Review of the MSPB Appeal*

Defendants assert that this court does not have jurisdiction to review the MSPB's dismissal of plaintiff's appeal. The court agrees. "When the employee does not allege that the appealed employment action was motivated by unlawful discrimination, []he may seek review of the MSPB's final decision only before the United States Court of Appeals for the Federal Circuit, which reviews the decision under an 'abuse of discretion' standard." *Lee v. Sullivan*, 787 F.

Supp. 921, 926 (N.D. Cal 1992). As the court noted above, the MSPB appeal did not involve discrimination. Consequently, this court has no jurisdiction.

This issue, however, is irrelevant. Plaintiff is invoking jurisdiction based on the agency's dismissal of the EEO complaint. Under 29 C.F.R. § 1614.310, the dismissal constituted a final decision, and this court has jurisdiction.

### 2.   *Nonselection claim*

Plaintiff's complaint also alleges discrimination in relation to his nonselection to a steamfitter position. Plaintiff, however, voluntarily abandons his nonselection claim. (Pl's Resp. Brief. at 9). Thus, this court finds that all claims relating to defendants' alleged rejection of plaintiff for the steamfitter's position are due to be dismissed.

### 3.   *Plaintiff's Motion to Amend Complaint*

In opposition to plaintiff's Motion to Amend Complaint, defendants argue that because the summary judgment is due to be granted, the plaintiff's motion should be denied as futile. Based on the above analysis, the court finds this argument unpersuasive.

The court, however, is of the opinion that the Motion to Amend does not meet the requirements of Federal Rule of Civil Procedure 8(a), in that the proposed provisions, standing alone, do not clearly state "a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)(2) and (3). Consequently, the court is of the opinion that the plaintiff's Motion to Amend Complaint is due to be denied. The plaintiff may, however, file another motion that conforms with Rule 8(a).

### E.  Conclusion

In summary, the court finds that because the MSPB appeal was not a mixed case appeal, it did not constitute an election of forum for purposes of 29 U.S.C. §§ 1614.107 and 1614.302. In the alternative, the court finds that because the MSPB appeal was untimely, it did not constitute an election of forum for purposes of 29 U.S.C. §§ 1614.107 and 1614.302. Consequently, plaintiff's EEO complaint filed with the agency on November 14, 1997, constituted an appropriate election for purposes of exhaustion of remedies. When the agency dismissed the complaint on December 15, 1997, it constituted a final decision for purposes of 29 C.F.R. §310(a), allowing plaintiff to file this action in federal court.[3] Consequently, plaintiff has properly exhausted his administrative remedies.

### III. CONCLUSION

Based upon the foregoing, defendants' Motion for Summary Judgment is due to be denied in part, as to all termination claims, and granted in part, as to all nonselection claims. Further, plaintiff's Motion to Amend Complaint is due to be denied. An Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** this 30th day of September, 1999.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

---

[3] Defendants do not argue that plaintiff did not timely file this action.